UNITED STATES of America, Plaintiff-Appellee,

v.

Christopher Andres AGUIRRE, a/k/a Chris Rodriguez, Defendant-Appellant.

No. 17-2047

United States Court of Appeals, Tenth Circuit.

Filed January 30, 2018

(D.C. No. 2:13-CR-02459-RB-1) (D. New Mexico)

James Robert Wolfgang Braun, Office of the United States Attorney, District of New Mexico, Albuquerque, NM, for Plaintiff-Appellee

Zachary Ives, Garcia Ives Nowara, Albuquerque, NM, for Defendant-Appellant

Before MATHESON, McKAY, and EBEL, Circuit Judges.

**ORDER AND JUDGMENT** *

Scott M. Matheson, Jr. Circuit Judge

Defendant-Appellant Christopher Andres Aguirre pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). The district court based Mr. Aguirre's 110-month sentence in part on determining that Mr. Aguirre's prior New Mexico conviction for conspiracy to commit armed robbery qualified as a crime of violence under United States Sentencing Guideline § 4B1.2(a).

Mr. Aguirre argues this determination was erroneous under this court's decision in *United States v. Martinez-Cruz*, 836 F.3d 1305 (10th Cir. 2016). The Government agrees and posits that "[t]his Court should reverse Aguirre's sentence and remand for resentencing." Aplee. Br. at 6. We concur with the parties' analysis of this issue.

In his reply brief, Mr. Aguirre agrees with the Government that this court need not review an argument that he raised in his opening brief—that his prior conviction for making a threat in violation of 18 U.S.C. § 115(a)(1)(A) is a crime of violence, explaining that he would have the opportunity to present that argument at resentencing on remand. Reply Br. at 1.

For the foregoing reasons, we vacate Mr. Aguirre's sentence and remand for resentencing. The mandate shall issue forthwith.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.